IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TYRICKA LAVON CALLOWAY, | ) | |
| #174 732, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-87-TMH |
| | ) | [WO] |
| WARDEN LOUIS BOYD, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate, filed the instant 42 U.S.C. § 1983 complaint on January 30, 2012 challenging the conditions of confinement at the Draper Correctional Facility. Named as defendants are Warden Louis Boyd, Warden Phyllis Billups, Commissioner Kim Thomas, and Governor Robert Bentley. Plaintiff requests declaratory and injunctive relief. (*Doc. No. 1*).

During the pendency of this action, Plaintiff was transferred to another state correctional facility within the Alabama Department of Corrections. Defendants filed a motion to dismiss the complaint arguing that Plaintiff's transfer mooted his claims for injunctive and/or declaratory relief. The court informed Plaintiff that he could oppose the granting of said motion and gave Plaintiff an opportunity to file a response to Defendants' dispositive motion. Plaintiff filed a response. This case is now pending on Defendants' motion to dismiss. Upon consideration of the motion and Plaintiff's opposition thereto, the

undersigned concludes that Defendants' motion to dismiss complaint as moot is due to be granted.

## I.  DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971).  An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974).  In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *Nat'l Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2d Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975);  *Flast v. Cohen,* 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented.").  Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies."  U.S. Const. Art. III, 2.  Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the

2

court. *Lewis v. Cont'l Bank Corp.*, 494 US. 472, 477 (1990). "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer,* 819 F.2d 1030, 1034 (11th Cir. 1987). Because mootness is jurisdictional, dismissal is required when an action is moot, as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar v. Ashcroft,* 273 F.3d 1330, 1336 (11th Cir. 2001).

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the Eleventh Circuit Court of Appeals determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted); *see also Darring v. Kincheloe*, 783 F.2d 874, 876-77 (9th Cir. 1986) (after an inmate is transferred, there is neither a "reasonable expectation" nor a "demonstrated probability" that the inmate will return to the prison against which he sought injunctive relief and therefore claim for injunctive relief is moot). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id.*

"Equitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.*; *Church v. City of*

*Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) ("Logically, 'a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past.'" (citation omitted)).  In the context of a § 1983 action filed by a prisoner, such as this, the law is settled that a prayer for declaratory or injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose.  *See, e.g.*, *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1989) ("[A]n inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred."); *Wahl v. McIver,* 773 F .2d 1169, 1173 (11th Cir. 1985) ("[A] n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

Plaintiff is no longer an inmate at the Draper Correctional Facility, having been transferred to another state penal institution during the pendency of this action.  He is, therefore, no longer subject to the conditions about which he complained when he filed the instant matter.  There is no indication that Plaintiff will be returned to the Draper Correctional Facility, much less be returned in the immediate future.  "Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Cotterall v. Paul,* 755 F.2d 777, 780 (11th Cir. 1985).  Absent in this case is any showing of a "continuing, present injury or real and immediate threat of repeated injury" to Plaintiff.  *See id.* (finding that a transfer of the plaintiff back to the Coffee County

Jail if he was again incarcerated at a minimum security facility and charged with a disciplinary infraction was too speculative to satisfy the required injury element).

In light of the foregoing, the court finds that Defendants' request to dismiss Plaintiff's complaint as moot is due to be granted as there is no present case or controversy to support the court's jurisdiction over this action.[1]

## II. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' Motion to Dismiss Complaint as Moot (*Doc. No. 20*) be GRANTED;

2. This action be DISMISSED without prejudice for lack of jurisdiction.

It is further

ORDERED that on or before **December 13, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the

---

[1] In the event Plaintiff is returned to the institution about which he complains, a dismissal without prejudice allows him to re-file his claims. *See Wahl,* 773 F.2d at 1174. Additionally, if Plaintiff seeks to challenge the conditions at the institution where he is presently confined and/or challenge the basis for his transfer from Draper, he is free to file a new civil action.

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 29th day of November, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE